UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| OSCAR E. OCHOA, FABRICIANO FALCON, ANA B. FALCON (individually), ANA B. FALCON P/P/A LORENZO LAURIA, Plaintiffs, | : : : : : : | |
| v. | : : | 3:08-cv-0024 (WWE) |
| CITY OF WEST HAVEN, OFFICER WILLIAM CONLAN, OFFICER JEFFREY GABIANELLI, Defendants. | : : : | |

**MEMORANDUM OF DECISION ON DEFENDANTS'
MOTIONS TO DISMISS AND FOR A MORE DEFINITIVE STATEMENT**

This civil action was initiated on January 8, 2008 with the filing of a complaint (Doc. #1) by four citizens, Oscar E. Ochoa, Fabriciano Falcon ("Mr. Falcon"), Ana B. Falcon ("Mrs. Falcon") and Ana B. Falcon p/p/a Lorenzo Lauria. Their original complaint named as defendants two unidentified police officers of the City of West Haven and the City itself. On April 9, 2008, the complaint was replaced by an amended complaint (Doc. #15), which is irrelevant to the instant proceedings and is only mentioned because it affects the designation of the document filed on May 13, 2008 (Doc. #19) denominated as "Amended Complaint" even though it should have been denominated as the "Second Amended Complaint." This Second Amended Complaint is the operative document that will be referred to as the "complaint" in this ruling.

On May 28, 2008, defendants filed the instant motion to dismiss the complaint. Although the complaint was in many respects blunderbuss in nature rather than a stiletto, the motion to dismiss was properly directed only to those aspects clearly subject to dismissal. The defense recognized that there is a case to be sent to the jury

1

with regard to the Fourth Amendment allegations. Accordingly, this ruling will deal only with those counts that should be addressed as appropriate for dismissal.

The First and Sixth Counts set forth allegations of excessive force under the Fourth Amendment to the United States Constitution. While there are some extraneous allegations in those counts, they need not be addressed because the pleadings are not presented to the jury. Therefore, the Court will not issue a ruling on these counts, except to note that they will be sent to the jury at trial if not settled before that time.[1]

The Second and Seventh Counts are confusing and certainly represent overkill, but can be interpreted to raise allegations against the City of West Haven. To the extent that plaintiffs Ochoa and Mr. Falcon repeat their Fourth Amendment allegations against the individual officers, the Court need not rule upon those claims because those allegations will remain against the officers as contained in the First and Sixth Counts. The balance of the Second and Seventh Counts will be dismissed as to the claims that there has been a deprivation of plaintiffs' civil rights with regard to the Fifth, Sixth, Eighth, Ninth and Fourteenth Amendments to the United States Constitution. Claims under each of those Amendments will be discussed seriatim.

The Court has jurisdiction over plaintiffs' claims pursuant to 28 U.S.C. § 1331 as to plaintiffs' federal law claims and pursuant to 28 U.S.C. § 1367 as to plaintiffs' state law claims.

---

[1] The Court is not at this time dismissing allegations of detention under the Fourth Amendment insofar as those claims allege false imprisonment. See Terry v. Ohio, 392 U.S. 1 (1968).

## BACKGROUND

For purposes of ruling on a motion to dismiss, the Court accepts all allegations of the second amended complaint as true.

Plaintiffs allege that on July 19, 2006 at approximately 7:25 p.m. they were unarmed, helpless and no threat to defendant officers while located in the parking lot of a Burger King restaurant at the intersection of Elm Street and Campbell Avenue in West Haven, Connecticut. Plaintiffs further allege that their cars were boxed in by two police vehicles operated by plain-clothes police officers of the defendant City of West Haven who approached plaintiffs. Ochoa and Mr. Falcon each claim that the police officers pushed him, grabbed his wrist and bent it forward, hurting his shoulder, elbow and wrist. Each further represents that a police officer held his neck causing serious pain. Ochoa alleges that the police officers twice searched him, touching his genitals. Mr. Falcon claims that one of the officers constantly spit on his face during the search.

Both plaintiffs Ochoa and Mr. Falcon allege that they are sales representatives for a dental products supply company, and each of the plaintiffs claims that during the search, his dental products were destroyed by the police. Ochoa alleges a loss of $20,000 for his lost property, while Mr. Falcon alleges a loss of $25,000 for his lost property and $30,000 for lost accounts. Ochoa makes a similar claim but has not specified an exact value of the lost accounts. Ochoa and Mr. Falcon each claim that, as a result of these events, they suffered injuries to their respective wrists, prolonged pain, emotional distress, mental anguish, nightmares and nervousness.

Plaintiffs Mrs. Falcon and Lauria allege they were both sitting in Mr. Falcon's car and observed the treatment of Ochoa and Mr. Falcon and because of what they saw,

3

they suffered physical and emotional harm and distress.

Ochoa and Mr. Falcon allege in the Second and Seventh Counts that their rights under the Fourth, Fifth, Sixth, Eighth, Ninth and Fourteenth Amendment to the United States Constitution, as secured by 42 U.S.C. §§ 1983 and 1988, were violated. Defendants now move for dismissal of those counts under rule 12(b)(6) of the Federal Rules of Civil Procedure with respect to plaintiffs' claims of deprivation of their rights under those aforementioned amendments.

## DISCUSSION

### I. Motion to Dismiss

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss, the court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73 (1984). The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). A plaintiff is obliged to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible. Iqbal v. Hasty, 490 F.3d 143 (2d Cir. 2007) (applying flexible "plausibility standard" to Rule 8 pleading), cert. granted, 128 S. Ct. 2931 (2008).

## II. The Second and Seventh Counts

### A. Fifth Amendment Claim

Defendants seek dismissal of plaintiffs Ochoa and Mr. Falcon's Fifth Amendment claims insofar as plaintiffs' complaint fails to allege facts that would indicate that plaintiffs' Fifth Amendment rights applied during the detention.

The Fifth Amendment only applies to the federal government and cannot provide a cause of action for the plaintiffs' claims of deprivation of due process of law by municipal actors. See Dusenbery v. United States, 534 U.S. 161, 167 (2002) ("The Due Process Clause of the Fifth Amendment prohibits the United States, as the Due Process Clause of the Fourteenth Amendment prohibits the States, from depriving any person of property without 'due process of law.'"); Public Utilities Comm'n v. Pollak, 343 U.S. 451 (1952); Thompson v. City of Meriden, 1999 U.S. Dist. LEXIS 6991, *18 n.2 (D. Conn. Apr. 14, 1999). Thus, the Court will dismiss plaintiffs' Fifth Amendment claim.

### B. Sixth Amendment Claim

Defendants seek dismissal on plaintiff's Sixth Amendment claim, arguing that because no criminal charges were filed against plaintiffs Ochoa and Mr. Falcon, there can be no violation of their Sixth Amendment rights.

Plaintiffs' Sixth Amendment rights to a speedy and public trial and trial by jury do not attach, since no criminal prosecution had commenced. Further, to the extent that plaintiffs rely on the Sixth Amendment protection to "be informed of the nature and cause of the accusation," this protection does not mandate that a police officer inform an arrestee of the precise reason for the arrest or investigation at that time. See Rivera

5

v. Granucci, 1993 U.S. Dist. LEXIS 3264 (D. Conn. Mar. 12, 1993); Kladis v. Brezek, 823 F.2d 1014, 1018 (7th Cir. Ill. 1987) (holding that Sixth Amendment's protection does not arise until the government has committed itself to prosecution). Plaintiffs claims under the Sixth Amendment will therefore be dismissed.

### C. Eighth Amendment Claim

Arguing that the Eighth Amendment only applies after a criminal conviction, defendants seek dismissal of plaintiffs' Eighth Amendment Claims. The Supreme Court has ruled that for a free citizen, the Fourth Amendment is the protection against unreasonable seizures and excessive force, not the Eighth Amendment. See Graham v. Connor, 490 U.S. 386, 394-395 & n.10 (1989). The Eighth Amendment is, instead, applicable only after a conviction and in the prison context. See Johnson v. Glick, 481 F.2d 1028, 1032 (2d Cir. 1973). Therefore, dismissal is appropriate on plaintiffs' claims under the Eighth Amendment.

### D. Ninth Amendment Claim

Defendants seek dismissal of plaintiffs' claims under the Ninth Amendment because, they argue, the Ninth Amendment does not grant any independent rights not provided for by other constitutional provisions. Because no relief can be granted upon a claim under the Ninth Amendment and the rights allegedly guaranteed thereby, dismissal is appropriate upon this charge. See Williams v. Perry, 960 F. Supp. 534, 540 (D. Conn. 1996).

### E. Fourteenth Amendment Claim

Plaintiffs Ochoa and Mr. Falcon assert claims under both the Equal Protection

Clause and the Due Process Clause of the Fourteenth Amendment. Defendants seek dismissal of these claims because plaintiffs have failed to allege any facts that plaintiffs were intentionally treated differently from others similarly situated, as to the Equal Protection claim, and they have failed to allege what sort of due process they should have been entitled to, as to the Due Process Clause.

### 1. Equal Protection Clause

Plaintiffs' complaint fails to allege any facts that would support a claim that they were treated differently from others similarly situated. Not only does the complaint not include any mention of other persons near the events who may serve as comparators to plaintiffs, but the complaint does not include any indication of personal details of plaintiffs that would establish that they are members of any class that is protected under the law. Dismissal is thus appropriate on this charge.

### 2. Due Process Clause

As to plaintiffs Ochoa and Mr. Falcon's allegations that their rights under the Due Process Clause were violated, defendants cite <u>Graham v. Connor</u>, 490 U.S. 386, for the proposition that the Fourth Amendment, not the Fourteenth Amendment, should control claims related to an allegedly-illegal stop-and-seizure. In <u>Graham</u>, the Supreme Court observed that because "the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct, that Amendment, not the more generalized notion of 'substantive due process' [of the Fourteenth Amendment] must be the guide for analyzing these claims." <u>Id.</u> at 395. In light of this and the fact that plaintiffs have alleged violations of their Fourth Amendment

rights, dismissal is appropriate on this charge as well.

## III.     Remaining Counts

In addition to the counts addressed up to this point, the complaint contains three counts against defendant officers on behalf of each of the plaintiffs Ochoa and Mr. Falcon dealing with assault and battery (Third and Eighth Counts), intentional infliction of emotional distress (Fourth and Ninth Counts) and negligent infliction of emotional distress (Fifth and Tenth Counts).  These state law violation allegations will not be dismissed at this time because allegations of federal violations remain viable, and ancillary counts should not be dismissed at this early stage of the litigation.  In addition, plaintiffs' Eleventh Count deals with only negligent infliction of emotional distress allegations against defendants on behalf of plaintiffs Mrs. Falcon and Lauria.  It would be premature to dismiss this count at this stage of the case.

## IV.     Motion for a More Definite Statement

Defendants also move for a more definite statement as to certain of plaintiffs' claims.  The Court will not rule on this motion because plaintiffs are required under this decision to file a further amended complaint.  Defendants can respond to that pleading when it is filed.

**CONCLUSION**

For the foregoing reasons, defendants' motion to dismiss (Doc. #20) is GRANTED as to claims made under the Fifth, Sixth, Eighth, Ninth and Fourteenth Amendment in the Second and Seventh Counts. Defendants' motion for a more definite statement (Doc. #17) is DENIED without prejudice. Plaintiffs are instructed to amend their complaint consistent with this ruling within ten days.

Dated at Bridgeport, Connecticut, this 26th day of September, 2008.

/s/
Warren W. Eginton
Senior United States District Judge